Johnson, J.
The lumber furnished by the plaintiff company was used in the construction of a factory in Cleveland.
Before any of the lumber was delivered there was the following correspondence between .the parties:
“Cleveland, Ohio, Aug. 9, 1905.
“The Mills-Gray-Carleton Co.,
“City.

“Dear Sirs:

“You can charge to my account and I will pay you for all lumber delivered to H. G. Schmitt for use in construction of a building on my lots, Bebden Street, lumber to be delivered and charged on basis your estimate of August 4th, No. 134, amounting to $3,844.00, for which said Schmitt has given you an order date of August 8th ult. I will pay you on or before the 10th of each month, taking advantage of the usual 2 per cent, discount for all lumber delivered and accepted the preceding month.
“(Signed) Geo. Huberty.
“Witness:
“A. J. Gregory, Agt.”
To this The Mills-Carleton Company, the The Mills-Gray-Carleton Co., replied as follows:
*85 “Cleveland, Ohio, Aug. 10, 1905.
“Mr. Geo. Huberty,
“823‘ St. Clair St.,
“City.

“Dear Sir:

“Mr. Gregory has handed to us a letter from you authorizing us to charge to your account the lumber for your new building, as per our estimate of August 4th, $3,844.00, to be used by H. G. Schmitt in erecting a building on your property.
“We thank you for this letter as it puts the matter in a shape which is very satisfactory to us.
“Yours truly,
“(Signed) The Mills-Gray-Carleton Co.,
“By C. H. Carleton. President.”
The contention of the plaintiff is, that by the contract thus made, Huberty became liable to pay plaintiff for all of the lumber furnished by it which was used in construction of the building. While the defendant contends that his liability was conclusively limited to the sum of $3,844.00, and that for any other or additional material, plaintiff would have to look to the contractor, Schmitt.
The testimony offered by plaintiff showed that as the work progressed certain changes were ordered by Huberty in the construction of the building. These required additional lumber and the reworking of some of the lumber covered by the estimate referred to. Some of the lumber covered by the estimate was not needed and was not delivered. From time to time Huberty made payments to plaintiff, and when these payments amounted to $3,844.00 which wás after all of the *86 material had been delivered, he refused to make any further payments.
The total value of the lumber furnished by plaintiff, which was used in the construction of the building, was $344.51 in excess of the amount which defendant paid.
Testimony was tendered by plaintiff tending to show that extras were ordered by Huberty himself and that statements were rendered by plaintiff to him as the work progressed for the material furnished, the bills for material which was in addition, to that originally estimated being marked “extra.” That Huberty made no objection to any of these charges until after the material was furnished.
The courts below sustained the contention of defendant that his liability was conclusively limited to the amount stated in his letter of August 9, 1905, and that the subsequent matters referred to did not change or add to that limit.
The letter of defendant of August 9th, opens with the explicit statement, “You can charge to my account and I will pay you for all lumber delivered to H. G. Schmitt for use in • construction of building on my lots,” etc.
The concluding sentence is the promise: “I will pay you on or before the 10th of each month, * * * for all lumber delivered and accepted the preceding month.”
This language is not uncertain or ambiguous, and leaves no room for discussion as to its meaning.
The contract must be construed with reference to its object and as one entire contract.
*87 It will be observed that the material was to be charged to account of Huberty, himself, and the promise was to pay for all lumber delivered.
The object to be ■ accomplished as expressed in the contract was the construction of the building, in which the material was to be used. It is a matter of common knowledge that few, if any, buildings are carried to completion without changes which either .increase or.diminish the requirements of material.
But it is claimed that the clause, “lumber to be delivered and charged on basis your estimate of August 4th, amounting to $3,844.00,” is conclusive in its legal effect and cuts down the comprehensive terms in the rest of the letter.
The word “estimate” is defined in Webster’s Dictionary as follows: “A rough or approximate calculation, as an estimate of the cost of a building or the quantity of water in a pond.”
The use of the word “estimate” in this contract taken in its ordinary meaning and import, excludes the idea of an exact detailed schedule or list of material which schedule or list was by the agreement not to be increased or diminished as the building progressed. On the contrary, the use of the word “estimate,” in connection with the other language of the cpntract, and the object to be accomplished, clearly leads to the conclusion that the basis referred to in the contract, on which the amount of $3,844.00 was arrived at, was an approximate calculation or estimate of the lumber required and which might be altered in the carrying out of the work.
*88 This construction harmonizes and gives effect to the entire instrument, a result enjoined by familiar rules. -
We are strengthened in this view by the conduct of the parties subsequent to the making of the contract. As already shown, defendant ordered additional lumber himself; statements were rendered to him for all material furnished as the work progressed, and the bills for extra material were marked “extra,” all without objection from him.
And even if the contract had explicitly limited Huberty’s liability for lumber furnished on Schmitt’s original order to the amount named, he would nevertheless be responsible for material which he personally purchased in addition thereto.
We think therefore that the common pleas court , erred in directing a verdict for defendant and the judgments of the courts below will be reversed.

Judgments reversed.

Spear, C. J., Davis, Spiauck, Price and Donahue, JJ., concur.